LETTS, Judge.
This case stems from a final judgment of divorce in which the trial judge determined that the wife was “not entitled to an award of alimony.”
We reverse in part.
The facts reveal that an 81 year old husband and his 77 year old wife have divorced after 14 years of marriage. Neither party is penniless and an antenuptial agreement was signed on the day of the marriage which contained the following clause:
6. Support of Margaret. Harold will from his own personal estate and earnings assume the necessary expense of the support and maintenance of Margaret during their marriage.
At the trial, the judge interpreted this clause to be an absolute bar to alimony and ruled as follows:
Well, it is the opinion of the Court, the ruling of the Court, that paragraph six meant exactly what it says. It is clear and unambiguous in its terms, and that his obligation to support and maintain was to continue only during their marriage. I know it is easy to look back in retrospect and say well, everybody intends to be married for the rest of their lives, but that should have been changed and clarified, but it wasn’t. So it is clear and unambiguous.
Even the appellee concedes in his brief that the quoted paragraph numbered six “does not bar the wife from claiming alimony if she is entitled to it,” and that the judge was in error in so ruling. We agree. See Russo v. Russo, City Ct., 62 N.Y.S.2d 514 (1946). Notwithstanding, appellee argues that the record reveals that the wife is not entitled to any alimony because she: first, has substantial assets of her own clearly set forth in the record; and second, this marriage was not the first one for either party and was of comparatively short duration. All this being so, the husband requests that this court conclude the judge’s erroneous ruling to be harmless. The problem in so doing (if we were so inclined) is that, time and again, during the trial, the wife’s counsel was stopped, dead in his tracks, from continuing his presentation and we do not know whether all the evidence favorable to the wife’s claim was presented. For example, the following exchange took place at trial:
THE COURT: Well, the Court has already indicated it doesn’t feel that his net worth or his income is going to be germane after this divorce is entered; that his obligation of support, according to paragraph six of this antenuptial agreement, terminates when this marriage is terminated. So therefore the Court feels *138 that all this is immaterial, irrelevant, and can be submitted later, and proffered by deposition if you wish.
MR. DICKENSON: I will be pleased to stipulate to present all those items.
MR. VAN KLEECK: Well, if your Honor is ruling that it is irrelevant, I certainly am not going to put my client to the expense of putting in the record, but I do feel this bears on Mr. Seltsam’s good faith and clean hands before this Court.
THE COURT: Well, I think the antenup-tial agreement is pretty clear. I mean, I don’t see how you can get around the thing.
MR. VAN KLEECK: Well, I think it is just as clear the other way, and I respectfully suggest that is what the suit is all about.
THE COURT: All right.
We are likewise of the opinion that there was no adequate evidentiary hearing on the question of the ownership and division of the personal property.
Accordingly, although the dissolution of marriage is affirmed, this cause is herewith reversed and remanded to permit the wife and husband to fully present all evidence which might bear on the question of alimony and ownership of the personal property.
CROSS and ANSTEAD, JJ., concur.